ELIZABETH W. DRIVER, EXECUTRIX, ESTATE OF PHILIP S. DRIVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24861.   Promulgated September 22, 1930.

*Frank T. Horner, Esq.,* for the respondent.

#### OPINION.

SEAWELL: This proceeding involves a deficiency in estate tax as determined by the Commissioner in the amount of $594.24. The error assigned is that the Commissioner erroneously included the

entire value of the community property of the decedent and his wife as part of the gross estate subject to tax. In addition, the Commissioner affirmatively alleged that the deficiency should be increased on account of the proceeds of certain insurance policies where the decedent had reserved the right to change the beneficiary therein named. The case was submitted on the pleadings and certain evidence on the part of the Commissioner in support of his affirmative allegation.

From the facts admitted in the Commissioner's answer it appears that Philip S. Driver died on March 26, 1923, a resident of the State of California, and that a marriage relationship continued on the part of himself and Elizabeth W. Driver until the time of his death. Upon the death of the said Philip S. Driver an estate-tax return was filed, which showed a gross estate amounting to $315,253.65 and a net estate of $44,248.50. As a deduction on that return there appeared the following item: "Less one-half community property belonging to surviving wife—$93,748.20," which item represented one-half of the gross estate less one-half of all deductions except the specific exemption of $50,000. In the deficiency as here determined the Commissioner has included the entire value of the community property in the gross estate of the decedent.

The foregoing action of the Commissioner is sustained on the authority of *Griffith Henshaw, Executor*, 12 B. T. A. 1441; affd., 31 Fed. (2d) 946; certiorari denied, 280 U. S. 43A.

In substantiation of the affirmative allegation on the part of the Commissioner evidence was presented which showed that the proceeds of life insurance policies on the life of the decedent were paid to Elizabeth W. Driver in the amount of $109,301.09. The right on the part of the insured (decedent) to change the beneficiary was reserved in each of the policies under which the foregoing payments were made. All of these policies were issued prior to 1918. In the determination of the deficiency here in question no amount was included in the gross estate on account of the foregoing payments.

Section 402 (f) of the Revenue Act of 1921 provides as follows:

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * * *

(f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

The validity of the above provision was upheld in *Chase National Bank* v. *United States*, 278 U. S. 327. While the case at bar deals with insurance policies issued long prior to the revenue act which controls in the imposition of the tax with which we are concerned, whereas the foregoing case dealt with insurance policies issued after the effective date of the revenue act controlling, in view of the reasoning followed by the Supreme Court and the decision rendered on the same day in the case of *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, on account of revocable trusts created prior to the passage of the controlling statute, we are of the opinion that the deficiency heretofore determined by the Commissioner should be increased by including in the gross estate of the decedent the aforementioned proceeds of life insurance policies in excess of $40,000. *Louis M. Weiller et al., Trustees*, 18 B. T. A. 1121; *Edwin S. Rauh, Executor*, 19 B. T. A. 993; and *William A. Cushman et al.*, 19 B. T. A. 1012.

*Judgment will be entered under Rule 50.*